UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Jody Burtsell</u>

    v.                                  Civil No. 1:08-cv-0455-JL
                                              Opinion No. 2009 DNH 069

<u>Nicholas A. Toumpas, Commissioner</u>
<u>New Hampshire Department of Health</u>
<u>and Human Services</u>

**O R D E R**

The plaintiff, a resident of New Hampshire, filed this action for declaratory and injunctive relief asserting that the defendant, the Commissioner of the New Hampshire Department of Health and Human Services (HHS), failed to comply with federal and state Medicaid laws by refusing to compromise its rights to the proceeds of a tort settlement between the plaintiff and a third party.  The complaint also requests that this court determine the proper apportionment of costs between the plaintiff and HHS.  <u>See</u> N.H. Rev. Stat. Ann. 167:14-a (Supp. 2008).  HHS moved to dismiss, alleging that this court lacks subject matter jurisdiction over the controversy.  <u>See</u> Fed. R. Civ. P. 12(b)(1)(2009).  After oral argument, and for the reasons set forth below, the court denies the motion to dismiss.

## I. APPLICABLE LEGAL STANDARD

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the court "construe[s] the [c]omplaint liberally and treat[s] all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1994). While the party invoking federal jurisdiction--here, the plaintiff--bears the burden of showing it, see, e.g., Johansen v. United States, 503 F.3d 65, 68 (1st Cir. 2007), that burden "is not onerous." Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1998); accord Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 23 (1st Cir. 2001). Still, "a plaintiff cannot rest a jurisdictional basis 'merely on unsupported conclusions or interpretations of law.'" Johansen, 503 F.3d at 68 (quoting Murphy, 45 F.3d at 522 (further internal quotation marks omitted)).

## II. BACKGROUND

The complaint alleges the following facts, which are accepted as true for the purposes of this motion. See Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 323 (1st Cir. 2008). In November 2004, the plaintiff underwent ulcer surgery, which he claimed was performed negligently, at a New Hampshire hospital.

His state court malpractice action, alleging special damages including medical expenses of $628,548.07, economic losses totaling over $1,000,000, compensatory damages, emotional damages, and certain hedonic damages, eventually settled for $850,000.[1]

After the settlement, the plaintiff resolved existing health care liens on the settlement by a private insurer, Medicare, and a hospital for less than the amount of each party's lien.  HHS has an outstanding Medicaid lien totaling $75,892.30, and seeks to recover the entire sum due.[2]  See generally, N.H. Rev. Stat. Ann. §167:14-a, III, III-a.

The plaintiff then filed this action alleging that the "State's failure and refusal to limit the recovery of Medicaid benefits to that part of the third-party settlement attributable to the recovery of medical costs violates the Supreme Court's decision in Ark. Dep't. of Health and Human Servs. v. Ahlborn, 547 U.S. 268 (2006), 42 U.S.C. § 1396k(a)(1)(A), and the anti-

---

[1] Complaint at ¶¶ 14 - 15.  It appears from the face of the complaint that the settlement agreement did not specify the amount of the payment representing medical expenses as opposed to other damages alleged.  Further, it does not appear that counsel for the plaintiff informed HHS of the impending settlement, as required by N.H. Rev. Stat. 167:14-a, IV.

[2] Complaint at ¶16.

lien provisions of the Medicaid statute, 42 U.S.C. 1396p(a)(1)."[3] The plaintiff also requests that this court exercise its supplemental jurisdiction over his claim for equitable apportionment of the medical cost component of the settlement pursuant to state law. See N.H. Rev. Stat. Ann. 167:14-a, IV.[4]

HHS moves to dismiss, alleging a lack of subject matter jurisdiction, contending that the complaint presents no federal issue for this court to resolve. The court disagrees.

**III. ANALYSIS**

Disposition of this motion requires a brief review of both the interplay of state and federal Medicaid laws and the scope of this court's subject matter jurisdiction. Cf. Montana v. Abbot Labs., 266 F. Supp.2d 250, 255 (D.Mass. 2003) (observing that this type of subject matter jurisdiction question "requires entering what the First Circuit has characterized as a remarkably tangled corner of the law" (quotations omitted)).

---

[3] Complaint at ¶17.

[4] Complaint at ¶¶ 18, 19; see also Obj. to P's Mot. 3-4. N.H. Rev. Stat. Ann. 167:14-a, IV provides that if a dispute arises, either the commissioner or Medicaid recipient may apply for an order of equitable apportionment of the proceeds of a settlement in "the superior court or district court in which an action based upon the recipient's claim could have been commenced."

4

Under 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See generally Grable & Sons Metal Prods., Inc. v. Darue Eng. & Manf., 545 U.S. 308, 312 (2005). To determine whether an action "arises under" federal law, courts follow the "well-pleaded complaint rule." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction arises "when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law, or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state law cause of action." Mich. S. RR. Co., 287 F.3d at 573 (citations omitted); see also Grable & Sons Metal Prods., Inc., 545 U.S. at 312-13. Still, pleading a substantial and disputed federal issue is not to be viewed "as a password opening federal courts to any state action," Grable & Sons Metal Prods., Inc., 545 U.S. at 314; rather, courts must assess whether jurisdiction "is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313-314.

In sum, courts must look to the face of the complaint and determine whether: (1) the plaintiff has properly pled a cause

of action created by federal law, id. at 312, or (2) "does [the] state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 313-314.

The Medicaid program, established by Title XIX of the Social Security Act, see 42 U.S.C. § 1396 et seq. (2000 & Supp. 2005), is a cooperative federal and state program providing payment for medical services to eligible individuals and families who are unable to pay for their own costs. Ahlborn, 547 U.S. at 275. States that participate in the Medicaid program are reimbursed by the federal government for a portion of payments made, provided that they meet certain requirements established by the statute. See id. at 275-276. One of the federal requirements is that participating states enact statutes to identify third parties legally liable for the medical expenses funded by the state, and "seek reimbursement for such assistance to the extent of such legal liability." Id. at 276 (quotations omitted); see generally 42 U.S.C. § 1396a(a)(25)(B); N.H. Rev. Stat. Ann. 167:14-a, II.

Further, federal law requires Medicaid recipients to assign to the state any payments received from a third party for medical care. See 42 U.S.C. § 1396k(a)(1)(A); N.H. Rev. Stat. Ann. 167:14-a, I. There are limits, however, on a state's ability to

6

recover payments made under the Medicaid program. The Medicaid statute's anti-lien provision bars the state from imposing a lien on certain property of the beneficiary. See 42 U.S.C. § 1396p(a). The statute further limits a state's ability recover the proceeds of a settlement of a legal claim against a third party to the portion of that settlement representing payments for medical care. Ahlborn, 547 U.S. at 282. In Ahlborn, the Supreme Court explained:

> [t]here is no question that the State can require an assignment of the right, or chose in action, to receive payments for medical care. So much is expressly provided for by §§ 1396a(a)(25) and 1396k(a). And we assume . . . that the State can also demand as a condition of Medicaid eligibility that the recipient "assign" in advance any payments that may constitute reimbursement for medical costs. To the extent that the forced assignment is expressly authorized by the terms of §§ 1396a(a)(25) and 1396k(a), it is an exception to the anti-lien provision [§1396p(a)]. But that does not mean that the State can force an assignment of, or place a lien on, any other portion of [a recipient's] property. As explained above, the exception carved out by §§ 1396a(a)(25) and 1396k(a) is limited to payments for medical care. Beyond that, the anti-lien provision applies.

Id. at 284-85 (citations omitted).

In this context, the court must determine whether the plaintiff has sufficiently pled a federal law claim to allow the court to assert its jurisdiction under § 1331. Although the plaintiff's complaint is not a model of clarity or substance, the burden placed on the plaintiff is not onerous, Musson Theatrical,

7

Inc., 89 F.3d at 1248, and he has made a sufficient showing to support subject matter jurisdiction.

"Usually, a federal claim creates a federal question." Abbot Labs., 266 F. Supp.2d at 254. Read liberally, paragraph 17 of the complaint alleges that HHS, in violation of the federal Medicaid laws as interpreted by Ahlborn, is attempting to recoup money from the malpractice settlement that is intended to compensate the plaintiff for non-medical costs. Put another way, the plaintiff's claim is that HHS is attempting to exceed its authority granted under the federal Medicaid scheme. Although mere "reference to a federal statute is not enough to create federal question jurisdiction," Able Sales Co., Inc. v. Mead Johnson Puerto Rico, Inc., 420 F. Supp.2d 1, 9 (D.P.R. 2006), the issue raised by the complaint is whether apportionment of the settlement to the state in an amount equal to the total Medicaid lien, through the operation of state statute, violates federal law because it encompasses monies intended for non-medical expenses.[5] Thus, the complaint necessarily involves a claimed violation of the anti-lien provision, justifying federal subject matter jurisdiction pursuant to § 1331. Cf. Doran v. Mo. Dep't.

---

[5]Indeed, the court notes that counsel for HHS stated at the hearing that it does not dispute that Ahlborn applies in this case.

8

of Soc. Servs., No. 07-cv-04158-NKL, 2008 WL 4151617, at *10 (W. D. Mo. Sept. 2, 2008)(holding that to the extent that state collects its liens from non-medical portion of the settlement, it violates the federal anti-lien provision).

HHS argues strenuously that this court does not have subject matter jurisdiction because federal law is settled by the Ahlborn case, and all that "remains is an allocation of the settlement in light of Ahlborn." D's Mot. to Dismiss at 9. In this vein, HHS contends that, although the relevant state statute "provides a formula that, per Ahlborn, "would be partially unenforceable in some cases" id. at 10, see generally N.H. Rev. Stat. Ann. 167:14-a, III-a, that is not so here because the dollar amount of the settlement can "handily pay the entire Medicaid lien," and thus "the parties in the instant case disagree only on the allocation of the settlement." D's Mot. to Dismiss at 9. This ignores, however, the plaintiff's claim that the state's requested allocation violates federal law by encompassing money intended to compensate the plaintiff for non-medical expenses. That claim, whatever its ultimate merits, presents a federal question.[6]

---

[6]It is well-settled that a plaintiff's likelihood of prevailing "is a separate question which does not bear on jurisdiction unless [the] claim is 'wholly insubstantial and frivolous.'" Sallen, 273 F.3d at 23 (quoting Bell v. Hood, 327 U.S. 628, 682-83 (1946)). The plaintiff's claim is not.

Finally, HHS contends that this court does not have jurisdiction to issue an order for equitable apportionment of the settlement because state law confers that jurisdiction upon only "the superior court or the district court in which an action based upon the recipient's claim could have been commenced." See N.H. Rev. Stat. 167:14-a, IV. The premise of this argument, i.e., that state law impacts the subject-matter jurisdiction of the federal courts, is fundamentally wrong. See Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 498 (1923). Indeed, HHS appears to recognize as much in stating that "the New Hampshire legislature is unable to confer federal jurisdiction," D's Mot. to Dismiss at 12--the New Hampshire legislature is likewise unable to destroy federal jurisdiction by specifying (if in fact that is what RSA 167:14-a, IV does) that certain remedies can be pursued only in state courts. Because, as just explained, the plaintiff's challenge to the state's requested apportionment presents a federal question, this court has jurisdiction to resolve that dispute by directing the proper apportionment.[7]

---

[7] Insofar as the plaintiff's claim for equitable apportionment presents a state-law claim independent of his federal claim--and that does not appear to be the case--this court would have supplemental jurisdiction over that state-law claim due to the presence of the related federal claim. See 28 U.S.C. § 1367.

### IV. **CONCLUSION**

The court has subject-matter jurisdiction over the plaintiff's claims. The defendant's motion to dismiss[8] (document no. 6) is denied.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: May 12, 2009

cc: David P. Slawsky, Esq.
    Jason D. Reimers, Esq.
    Nancy J. Smith, Esq.

---

[8]Document no. 6.

11