UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jody Burtsell

    v.                              Civil No. 08-cv-00455-JL

NH Department of Health and
Human Services, Commissioner

**PROCEDURAL ORDER**

The court will hold a two phase hearing on this case on **July 28, 2010 at 10:00 a.m.** consisting of: (1) oral argument on the cross motions for summary judgment; and (2) an evidentiary hearing on equitable apportionment under N.H. Rev. Stat. Ann. § 167:14-a,IV. See Bolanos v. Superior Court, 87 Cal. Rptr. 3d 174, 184 (Cal. Ct. App. 2008); Idaho Dept. of Health and Welfare v. Hudelson, 196 P.3d 905, 912 (Idaho 2008); Lugo v. Beth Israel Med. Ctr., 13 Misc. 3d 681, 688-89 (N.Y. Sup. Ct. 2006); cf. Chambers v. Jain, No. 1240/03, 2007 WL 1118383, at *3 (N.Y. Sup. Ct. 2007). A full day will be allotted for the hearing.

On or before **July 19, 2010,** the parties shall jointly file:

- a single Statement of Agreed Facts followed by a Statement of Disputed Facts. The disputed facts are not an invitation to advocacy (i.e., "The plaintiff can not meet his burden because. . . ." or "The defendant's position is untenable because . . . ."). In the Statement of Disputed Facts, the parties should simply list facts they intend to establish at the hearing, or which they contend will not be established at the hearing, with which the other party does not concur.

On or before **July 20, 2010,** each party shall file:

- a witness list (expert disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) to be exchanged on or before **June 26, 2010**; no expert depositions except by agreement);

- an exhibit list; and

- proposed findings of fact and rulings of law.

Counsel shall confer before the hearing to identify all areas of agreement and disagreement as to the admissibility of each exhibit.

In addition to the guidance provided to counsel during the May 25th conference call, counsel are advised that the court anticipates hearing evidence and argument on the following issues:

- the full value of Burtsell's claim, as informed by the various components impacting that value and amount of recovery in similar cases;

- the proper role of attorney's fees and costs in the court's apportionment calculation, cf. Bolanos, 87 Cal. Rptr. 3d at 181 (speculating that in Ark. Dep't. of Health and Human Servs. v. Ahlborn, 547 U.S. 268 (2006) the stipulation was adjusted for state's share of litigation costs);

- the notice provided by the plaintiff (including evidence on disputed facts to the extent the parties do not agree in their Statement of Agreed Facts).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 27, 2010

cc: David P. Slawsky, Esq.
    Jason D. Reimers, Esq.
    Nancy J. Smith, Esq.